UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIBERIU KLEIN, <br><br> Appellant, <br> v. <br><br> ESTATE OF CLAUDIA ZVUNCA, <br> CRISTINA ZVUNCA, <br> GREYHOUND LINES, INC., <br> MOTOR COACH INDUSTRIES, INC., and <br> MOTOR COACH INDUSTRIES INTERNATIONAL, INC., <br><br> Appellees. | Case No. 16-CV-419-JPS <br> Bankruptcy Case #14-29136-gmh <br><br><br> ORDER |

David Novoselsky ("Novoselsky"), a resident of Pleasant Prairie, Wisconsin, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin. Before the Court is an appeal by Tiberiu Klein ("Klein"), who is proceeding *pro se* as a creditor of Novoselsky's bankruptcy estate. Klein appeals from an order of Bankruptcy Judge G. Michael Halfenger excusing a violation of the automatic stay pursuant to 11 U.S.C. § 362. Although the facts of the case are difficult to parse, the legal issues before the Court are simple. On this record, the Court must dismiss the appeal for want of jurisdiction.

1. BACKGROUND

The history of this case extends from long before the filing of these bankruptcy proceedings. The web of litigation that precedes the task before the Court is complicated but is largely irrelevant to the disposition of the instant appeal. The Court will briefly summarize the history between these parties and then turn to the facts giving rise to Klein's appeal.

Claudia Zvunca was killed in 2002 when she was struck by a Greyhound bus. *Zvunca ex rel. Klein v. Greyhound Lines, Inc.*, 530 F. App'x 672, 672 (10th Cir. 2013). Her eight-year-old daughter, Cristina, witnessed her death. *Id.* Klein, a resident of Illinois, was married to Claudia at the time of her death, but he is neither Cristina's biological nor adoptive father. *Id.*

An onslaught of litigation, and litigation on that litigation, followed Claudia's death. The Appellate Court of Illinois summarized this legal morass, stating that "from the tragic, but relatively straightforward, facts regarding Claudia Zvunca's death, arose at least 13 lawsuits in various state and federal courts. Among these were legal malpractice suits and two wrongful death actions, proceeding simultaneously in Illinois and Colorado. This court has also had before it over 25 appeals related to this case, many of which were filed by Klein in his continuing attempt to intervene in this matter as the party entitled to represent 'Cristina's' interests." *Cushing v. Greyhound Lines, Inc.*, 991 N.E.2d 28, 33 (Ill. Ct. App. 2013). Given the plethora of simultaneously pending actions and the number of parties involved, "the question of 'who represented whom' was an issue" throughout all the proceedings. *Cushing v. Greyhound Lines, Inc.*, No. 1–10–3176, 2013 WL 2404044, at *9 (Ill. Ct. App. May 30, 2013). Another complicating factor was Klein's penchant for hiring and firing his lawyers with regularity. *See id.* This included, at one point, the debtor in the underlying bankruptcy proceedings at issue here, David Novoselsky. *Id.* It appears that Novoselsky also represented Cristina, her mother's estate, or both for some time during prior proceedings.

For purposes of this appeal, the Court need only describe two of the several actions brought relating to Claudia Zvunca's death and her estate's representation in prior wrongful-death proceedings. In 2007, Cristina and her

mother's estate brought a wrongful death action in the Circuit Court of Cook County, Illinois against several defendants, including Greyhound Lines, Inc. ("Greyhound") and Motor Coach Industries, Inc. ("Motor Coach"). (Docket #12-1 at 75–76); (Docket #12 at 6). In April 2014, Cristina and her mother's estate brought a similar action in the same court. (Docket #12-1 at 75–76). In the 2014 complaint she included Greyhound, Motor Coach, and various attorneys and representatives involved in prior actions, including Novoselsky. *Id.* Appellees represent that the 2014 action was filed as a "protective measure," while admitting that this action was "duplicative" of the 2007 case "and completely unnecessary to the recovery on behalf of the estate." (Docket #12 at 6).[1]

On July 18, 2014, Novoselsky filed a Chapter 11 bankruptcy petition in this District. (Docket #12-1 at 76). Klein joined the bankruptcy as a creditor, filing a proof of claim for $6,000,000 for alleged legal malpractice. (14-29136, Docket #38).[2] As a result of Novoselsky's bankruptcy filing, the 2014 Cook County action was placed on that court's "bankruptcy stay calendar" in August 2014 to await the completion of the bankruptcy proceedings. (Docket #12-1 at 76). In September 2014, Cristina filed a motion to remove the 2014 action from the bankruptcy stay calendar in order that she might dismiss some of the defendants, including Motor Coach and Greyhound. *Id.* Novoselsky opposed the motion, arguing that dismissal of those defendants

---

[1]All appellees in this matter joined in the brief of Appellees Estate of Claudia Zvunca and Cristina Zvunca. *See* (Docket #13 and #16). As such, the Court will refer to all Appellees when noting the arguments in that brief.

[2]Klein did not provide the complete record in the bankruptcy case on this appeal. As a result, the Court will cite directly to the bankruptcy court's docket when necessary and will indicate this by first providing the bankruptcy case number.

Page 3 of 15

Case 2:16-cv-00419-JPS   Filed 11/28/16   Page 3 of 15   Document 17

would impair his claims for contribution against them, which he asserted were assets of his bankruptcy estate. *Id.* at 76–77. According to Appellees, the Cook County Circuit Court declined to remove the 2014 case from the bankruptcy stay calendar. *Id.* at 77.

A year and a half later, on January 15, 2016, Cristina filed a motion with the bankruptcy court seeking relief from the automatic stay under 11 U.S.C. § 362 so that she could dismiss Greyhound and Motor Coach from the 2014 Cook County action. *See id.* at 78–79.[3] Novoselsky again objected, contending that dismissal of those defendants would impair his potential claims for contribution. (Docket #12 at 6–7). Klein objected too, asserting that the potential contribution claims Novoselsky might have against Greyhound and the other defendants in the 2014 case "[have] significant value." (Docket #12-1 at 96). Klein also stated, without explanation, that the dismissal would prevent Novoselsky from asserting counterclaims against Cristina and Claudia's estate for malicious prosecution and for unpaid attorney's fees. *See id.* at 96–99.

The bankruptcy court held two hearings on the motion. The first occurred on February 10, 2016, and the second was held one month later. *Id.* at 108–15. In the interim between the two hearings, Cristina, apparently under the impression that the Court was sure to rule in her favor, requested in Cook County that the 2014 action be taken off the bankruptcy stay calendar and then dismissed the entire 2014 action, including Novoselsky,

---

[3]When a debtor files a bankruptcy petition, the automatic stay prohibits, *inter alia*, "commencement or continuation…of a judicial…action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). This prohibition generally lasts until the end of the bankruptcy proceedings. *See id.* § 362(c).

with prejudice. (Docket #12 at 7). Cristina's counsel informed the bankruptcy court of the dismissal at the March 10, 2016 continued hearing. *Id.*

Klein had appeared at both hearings and argued against granting relief from the stay. *Id.* At the March 10, 2016 session, Klein asserted that taking the 2014 action off the bankruptcy stay calendar was a violation of the stay. *Id.* After hearing the parties' arguments—which are not available to this Court because the hearing was audio-recorded and never transcribed—the bankruptcy court found that "the state court proceeding that resulted in an order dismissing the debtor was a continuation of a judicial proceeding against the debtor" and was "thus a technical violation" of the automatic stay. (Docket #12-1 at 112–14).[4]

Nevertheless, the bankruptcy court concluded that there was cause to grant relief from the stay and annul the stay retroactively so as to sanction the dismissal. *Id.* According to Appellees, Cristina apprised the bankruptcy court that the 2014 action had "no value" because the same wrongful death claims were nearly trial-ready in the 2007 case. (Docket #12 at 8). Cristina further asserted that having both cases pending at the same time could create thorny procedural problems. *Id.* Appellees state that the trustee of the bankruptcy estate agreed with them. *Id.* at 8–9. The bankruptcy court concluded, therefore, that "there [was] good reason for the Estate of Claudia Zvunca to have wanted to dismiss the [2014 Cook County] case," since "that case stood in the way of the litigation of the Estate's 2007 state court case based on the Illinois pending case rule." (Docket #12-1 at 113.) Further, "absent Novoselsky's bankruptcy, the estate would have simply dismissed

---

[4]The bankruptcy court's order is memorialized not in a formal written order, but in the "Court Minutes and Order," filed March 22, 2016, which is a signed copy of the minutes from the March 10, 2016 hearing. (Docket #12-1 at 112–15).

the action, but the automatic stay was thought to have prevented that course." *Id.* Moreover, "[a]lthough certain creditors contended that the Illinois court's dismissal might eliminate valuable claims that are property of the estate," the bankruptcy court found that "none of those arguments was convincing." *Id.* In its order, the court did not explain what these arguments were or why the court found them wanting. *See id.*

On April 5, 2016, Klein appealed the bankruptcy court's order. (Docket #1). On June 20, 2016, the trustee abandoned certain of Novoselsky's contingent claims, including the potential claim for attorney's fees that Klein believed Novoselsky could have asserted against Cristina and her mother's estate. (Docket #12-1 at 117–19). Appellees assert that Klein has been trying to purchase this and other of Novoselsky's legal claims for a nominal amount. *Id.*

On April 20, 2016, Klein filed with the bankruptcy court a motion to reconsider its order granting relief from the automatic stay. *Id.* at 121. The bankruptcy court denied the motion on July 6, 2016, noting that Klein had identified no basis for setting aside the prior order. *Id.* at 122. The court observed that Klein's arguments were similar to those presented regarding

the original order and that repetition of the argument was not a proper basis for reconsideration. *Id.*[5] This appeal followed.

2. STANDARD OF REVIEW

When adjudicating bankruptcy appeals, district courts normally apply a dual standard of review: the bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo*. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011); Fed. R. Bankr. P. 8013. However, a decision to annul the automatic stay pursuant to 11 U.S.C. § 362(d) "is committed to the discretion of the bankruptcy court and, therefore, we review the court's decision for an abuse of discretion." *In re C & S Grain Co., Inc.*, 47 F.3d 233, 238 (7th Cir. 1995) (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)); *Matter of Williams*, 144 F.3d 544, 546 (7th Cir. 1998).

3. DISCUSSION

Klein's appeal suffers from numerous infirmities. One of them is jurisdictional and, as a result, the Court lacks the power to reach the merits of the appeal. For the sake of a complete record, however, the Court will also briefly address Klein's unavailing challenge to the substance of the bankruptcy court's order.

---

[5]Klein also requested that the bankruptcy court grant him authority to bring a claim in the 2007 Cook County action for attorney's fees against Cristina and Claudia's estate as a derivative action on behalf of the bankruptcy estate. (Docket #12-1 at 123). The bankruptcy court found that such authorization was impossible. *Id.* at 123. Prior to filing his bankruptcy petition in 2014, Novoselsky had transferred his interests in pending legal matters to his law firm. *Id.* The trustee has abandoned any interest in Novoselsky's law firm and, as a result, any legal claims Novoselsky might have had are no longer part of the bankruptcy estate. *Id.* The bankruptcy court concluded that because the estate has no interest in a potential fee claim for Klein to litigate, he could not be granted derivative standing to bring the fee claim. *Id.* at 124.

### 3.1 Appellate Jurisdiction Under Section 158

Appellees do not challenge the Court's jurisdiction under 28 U.S.C. § 158, which provides the district court with jurisdiction over appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). As the Seventh Circuit has recently observed, "[f]inality in a bankruptcy appeal is considerably more flexible than in an ordinary civil appeal taken under 28 U.S.C. § 1291 and, in the bankruptcy context, does not require the termination of the entire bankruptcy proceeding." *Schaumburg Bank & Trust Co., N.A. v. Alsterda*, 815 F.3d 306, 312 (7th Cir. 2016). Thus, bankruptcy court orders are final and appealable "if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (internal quotation marks omitted).

Here, the alleged violation of the stay—the removal of the Cook County action from the bankruptcy stay calendar as a precursor to dismissal—is complete. Any dispute over whether that violation should have been forgiven was fully and finally resolved by the bankruptcy court's order. *Id.*; *see also In re Rodriguez Camacho*, 361 B.R. 294, 299 (1st Cir. BAP 2007) ("An order granting relief from stay is a final order."); *Germeraad v. Powers*, 826 F.3d 962, 965 (7th Cir. 2016) (an order is final where it "brought to an end a single 'proceeding' that exists within the larger bankruptcy case"). Accordingly, the bankruptcy court order under review here is final and appealable under Section 158(a).

### 3.2 Mootness

Although the Court is statutorily authorized to entertain Klein's appeal, the Constitution will not permit it. Article III of the Constitution limits the jurisdiction of federal courts to resolution of actual cases and controversies. *Valley Forge Christian College v. Americans United for Separation*

*of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The party invoking federal jurisdiction—here, Klein—must establish that he brings a cognizable controversy before this Court. *In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016). To do so, Klein must demonstrate that he suffered an "injury in fact" which is "fairly traceable" to the challenged action and which would "likely" be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–62 (1992).

Not only must he suffer an injury, the injury complained of must usually persist throughout the life of the litigation. As the Supreme Court has explained:

> A corollary to this case-or-controversy requirement is that "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L.Ed.2d 272 (1975)). If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S. Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotation marks omitted).

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). Mootness, put simply, is this: although a party may come to federal court with a redressable injury, if that injury is remedied, or if the power to redress it evaporates, the court loses the power to hear the case. *Fink v. Cont'l Foundry & Mach. Co.*, 240 F.2d 369, 374 (7th Cir. 1956); *Mills v. Green*, 159 U.S. 651, 653 (1895) (a case is no longer "live" when it is impossible for the court to provide "any effectual relief"). These principles apply to appeals as well. *Dorel Juvenile Grp., Inc. v. DiMartinis*, 495 F.3d 500, 503 (7th Cir. 2007).

Klein's appeal is moot because the Court can no longer fashion meaningful relief. Based on his motion practice in the bankruptcy court below and the appellate brief he submitted to this Court, it appears that Klein wants Novoselsky as the debtor to be able to maintain two different types of claims in the 2014 action: (1) contribution claims against his fellow defendants; and (2) counterclaims against the plaintiffs, Cristina and her mother's estate, for unpaid attorney's fees. Both claims became part of Novoselsky's bankruptcy estate as of the date he filed his bankruptcy petition in 2014. *See* 11 U.S.C. § 541(a)(1); *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000) (observing that a debtor's estate "has uniformly been interpreted to include causes of action").

Klein's complaints about both claims are moot, for slightly different reasons. First, his dispute regarding the contribution claims are moot because the 2014 action was dismissed with prejudice. Without a lawsuit against them, Novoselsky, Greyhound, Motor Coach, and the other defendants in the 2014 case have no liability to share.

Second, Klein's dispute regarding the attorney's fee counterclaim is moot because the trustee abandoned that claim in July 2016.[6] Since it has been abandoned, the claim is no longer property of the bankruptcy estate. *Morlan v. Universal Guarantee Life Ins. Co.*, 298 F.3d 609, 617–18 (7th Cir. 2002). This, in turn, deprives Klein of the ability to pursue the claim, to force the trustee to pursue the claim, or to assert any interest in the claim by virtue of his status as creditor of the bankruptcy estate. *See In re Bishop*, 463 B.R. 142, at *4

---

[6]The Court notes that although Appellees appear to assert that contribution claims against Greyhound and Motor Coach were also abandoned (Docket #12 at 9), neither the bankruptcy court's June 20, 2016 order nor the trustee's notice of abandonment mention such claims. (Docket #12-1 at 119); (14-29136 Docket #752 at 6). Failure to abandon the claims is irrelevant, however, since they no longer exist.

(10th Cir. BAP 2010) (observing that a dispute over certain estate property would have been moot if trustee had abandoned the property). Klein never challenged the bankruptcy court's decision to permit abandonment of the attorney's fee claim, and he cannot do so now before this Court.[7]

Moreover, while it appears that Klein asked the bankruptcy court to sanction Appellees for the stay violation, *see* (Docket #5 at 8), he did not seek damages for any direct injury he suffered as a result of the violation, *see* 11 U.S.C. § 362(k); *In re Clemmer*, 178 B.R. 160, 165 (Bankr. E.D. Tenn. 1995). His decision not to request damages, in addition to the Court's inability to provide any other viable remedy, means that Klein's appeal no longer presents a live controversy. Accordingly, the appeal is moot and must be dismissed. *Fink*, 240 F.2d at 374.

### 3.3 Annulling the Automatic Stay

Although the Court has determined that the Klein's appeal is moot, the history of this litigation suggests that Klein will take this appeal further. As a result, the Court finds it prudent to explain why the appeal fails on its merits, assuming there was jurisdiction to hear it in the first instance.

The bankruptcy court found, and Appellees do not dispute, that the act of requesting that the 2014 state court case be taken off the bankruptcy stay calendar constituted the continuation of a judicial proceeding against Novoselsky, the debtor, and therefore violated the automatic stay pursuant

---

[7]From the motion for derivative standing Klein filed before the bankruptcy court, it appears that rather than bring the fee claim as a counterclaim in the 2014 Cook County action, Klein wants, in the alternative, to bring the fee claim in the context of the 2007 Cook County action. *See supra* note 5. The 2007 case and the potential claims therein are not before this Court. Yet even if Klein had properly brought the denial of derivative standing before this Court in this appeal, the result would be the same: the fee claim has been abandoned because it was transferred to Novoselsky's law firm and the trustee abandoned any interest in the firm. *See id.*

Page 11 of 15

Case 2:16-cv-00419-JPS   Filed 11/28/16   Page 11 of 15   Document 17

to 11 U.S.C. § 362(a)(1). However, some stay violations can be forgiven. Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a), such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest." As explained above, a decision to annul the automatic stay is reviewed only for an abuse of discretion. *Williams*, 144 F.3d at 546. What constitutes proper "cause" under Section 362(d)(1) "has no clear definition and is determined on a case-by-case basis." *Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

Klein's attacks on the bankruptcy court's order do not suggest that the court below abused its discretion. First, Klein argues that the bankruptcy court cannot grant retroactive relief from the stay violation. (Docket #5 at 5–6). Yet, as evidenced by the use of the word "annulment" in the statute, bankruptcy courts are indeed authorized to grant retroactive relief from a purported violation of the automatic stay. *Ruby Tuesday, Inc. v. Thomas*, 37 F. App'x 821, 824 (7th Cir. 2002) (citing *Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998)); *In re Brittwood Creek*, 450 B.R. 769, 776 (N.D. Ill. 2011). Klein insists that the bankruptcy court entered an impermissible *nunc pro tunc* order, but his citations and argument reveal that Klein simply misapprehends what the bankruptcy court did here. There is no question that the bankruptcy court had the authority to annul the stay.

Second, Klein contends that he was deprived of procedural due process when Appellees dismissed the 2014 Cook County action before the bankruptcy court gave them leave to do so. (Docket #5 at 6–7). Although the Court is not inclined to entertain Klein's passing reference to constitutional deprivations raised for the first time on appeal, the claim is otherwise wholly

Page 12 of 15

Case 2:16-cv-00419-JPS   Filed 11/28/16   Page 12 of 15   Document 17

without merit. Initially, Klein does not cite precedent indicating that he has a constitutionally protected property interest at stake here. *Black Earth Meat Market, LLC v. Village of Black Earth*, 834 F.3d 841, 848 (7th Cir. 2016). Even if he did, however, he was afforded an opportunity to be heard on the matter at the March 10, 2016 hearing. It so happened that the bankruptcy court disagreed with Klein's position, but procedural due process only guarantees the right to be heard, not success. *Id.* at 850 ("Procedural due process generally requires only 'notice and an opportunity to be heard.'") (quoting *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Additionally, Klein is mistaken that the March 10, 2016 hearing was "in vain" because the stay violation had already occurred. The action taken in violation of the stay was void until the bankruptcy court granted relief from the stay. *Eastern Refractories Co.*, 157 F.3d at 172 ("[A]n order 'annulling' a stay does have retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio.*"); *see also Matthew v Rosene*, 739 F.2d 249, 251 (7th Cir. 1984). Thus, the March 10, 2016 hearing was a meaningful opportunity for Klein to contest Appellees' request for relief from the stay.

Third, Klein asserts that the bankruptcy court abused its discretion in granting relief from the stay because allowing the 2014 Cook County action to be dismissed deprived the estate of valuable assets, including "counter-claims and third party claims against the Estate of Claudia Zvunca" which Klein believes are worth "millions." *Id.* at 7–8. Klein's belief is no more than speculation, and it is belied by the trustee's indication in the notice of abandonment that Novoselsky's potential fee claim was worth only $300,000. (14-29136 Docket #752 at 6). The bankruptcy court declined to credit Klein's belief as to the value of the claim over the belief of Appellees and the trustee

that the claim was insubstantial. The bankruptcy court decided that because the 2014 action was more of a hindrance than a help, and because Novoselsky's liability in that case had been extinguished by its dismissal, there was sufficient cause to forgive Appellees' technical violation of the stay. That decision was not an abuse of discretion, and it would be affirmed if this Court had jurisdiction to hear the appeal.

### 3.4 Sanctions

Klein requests sanctions against the attorney representing Cristina and her mother's estate for violating the automatic stay. *See* (Docket #5 at 9). Appellees, in turn, request sanctions against Klein for filing a frivolous appeal. (Docket #12 at 21–22). The Court will not impose sanctions on any party. Klein will receive none because his appeal is without merit. Appellees' request for sanctions will be denied because although Klein has been a serial litigant in matters relating to his late wife, he remains a *pro se* litigant. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (a court may take into account a party's *pro se* status in analyzing allegedly frivolous filings). His arguments, while ultimately meritless, do not appear to have been presented for an improper purpose, and the Court will in this instance exercise its discretion not to award sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Independent Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 969 (7th Cir. 2000). Klein is warned, however, that the strictures of Rule 9011 of the Federal Rules of Bankruptcy Procedure apply to him just as they do to all litigants in the bankruptcy court. *In re Meltzer*, 534 B.R. 757, 762–63 (N.D. Ill. 2015). Frivolous appeals will not be excused simply because Klein is proceeding *pro se.*

4. CONCLUSION

This Court lacks jurisdiction to hear Klein's appeal because his dispute has been mooted by subsequent events. Additionally, even if the Court had jurisdiction here, Klein has identified no colorable basis for reversing the bankruptcy court's challenged order.[8]

Accordingly,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction; and

IT IS FURTHER ORDERED that this matter is REMANDED to the bankruptcy court for further proceedings consistent with this order.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[8] On the face of his Notice of Appeal, Klein also purports to appeal three other matters in addition to the grant of Cristina's motion for relief from the stay: (1) the bankruptcy court's decision on a motion to compel Novoselsky to produce documents; (2) the bankruptcy court's denial of Klein's motion to reconsider its decision granting Motor Coach's motion for relief from the automatic stay; and (3) the bankruptcy court's denial of a similar motion for reconsideration filed by attorney John Xydakis. (Docket #1). However, he devotes no argument to these motions in his brief and has thereby waived these points on appeal. *See 1st American Metals, Inc. v. Gough*, 34 F. App'x 494, 496 (7th Cir. 2002) (matter raised in the notice of appeal is waived if the appellant "failed to develop any argument" about the issue in his brief).